IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-001731-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

NANCY WALKER, Classification Admin.,
GRAYSON ROBINSON (Sheriff),
DEPUTY SGT. ASPINALL,
DEPUTY RANGEL,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Motion for Injunction and or Temporary Restraining Order [Docket No. 34-2, Filed August 13, 2007] ("Motion for Preliminary Injunction"). I ordered Defendants to file a response on or before January 30, 2008 [Docket No. 37], and they did so [Docket No. 41]. On February 1, 2008, I issued a stay of the case while *pro bono* counsel could be sought for Plaintiff [Docket No. 48]. I took the Motion for Preliminary Injunction under advisement while the case was stayed. The Stay expired on April 1, 2008 [Docket No. 62]. Having considered the relevant pleadings and the overall docket, the Motion is ripe for a determination. I respectfully RECOMMEND that the Motion for Preliminary Injunction be **DENIED**.

    I.    Background

At the time the Motion for Preliminary Injunction was filed, Plaintiff was incarcerated

at the Arapahoe County Detention Facility in Centennial, Colorado. He alleges that Defendants have retaliated against him for the filing of the lawsuit and have allowed him to be assaulted by other inmates. He also claims that the Defendant Deputies have threatened him and invented disciplinary violations that they claim he committed. Plaintiff further alleges that he suffers from mental disabilities and that the Arapahoe County Detention Facility is incapable of treating him for those disabilities. Finally, Plaintiff alleges that Arapahoe County Detention Facility mail room staff will not supply him with his account balance statements.

Plaintiff requests that the Court: (1) "stop . . . the defendants the [sic] illegal practice of violating his constitutional rights and causing a [sic] unsafe environment for him and staff;" (2) "order a [sic] <u>Injunction</u> by placing plaintiff in other County Jail . . ."; and (3) "place restraints on the . . . same deputies named in the suit . . . ." Motion for Preliminary Injunction at 4 [Docket No. 34-2].

II. Standard of Review

Plaintiff is proceeding *pro se*. Therefore, the Court must construe the Motion liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Plaintiff to present his claims against any procedural defects caused by Plaintiff's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

III. Injunctive Relief

The purpose of Plaintiff's Motion for Preliminary Injunction is to request that the Court order Defendants to stop violating Plaintiff's rights, or restrain Defendants from

further harming Plaintiff, and to obtain an order transferring Plaintiff to a new facility. The parties have informed the Court that Plaintiff has been transferred out of the Arapahoe County Detention Facility and is no longer under the supervision of any of the named Defendants [Docket Nos. 57 & 61]. The Court takes judicial notice that according to the Colorado Department of Corrections' (CDOC) website, Plaintiff is in the custody of the CDOC at the Arkansas Valley Correctional Facility. *See Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 n.2 (D. Colo. Nov. 22, 2006) ("This Court may take judicial notice of court documents and matters of public record."). As such, injunctive relief against the Defendants would be futile. Further, an Order to transfer Plaintiff out of the Arapahoe County Detention Facility would serve no purpose. Where "entry of injunctive relief in [Plaintiff's] favor would have no effect on the defendants' behavior," Plaintiff's Motion for Preliminary Injunction must be denied. *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

IV.     Conclusion

The Court respectfully RECOMMENDS that the Motion for Preliminary Injunction be **DENIED**.

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't*

3

*of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 11, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix