IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-001731-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

NANCY WALKER, Classification Admin.,
GRAYSON ROBINSON (Sheriff),
DEPUTY SGT. ASPINALL,
DEPUTY RANGEL,

    Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT**
_____

On August 17, 2007, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Order states, in part, the following:

> [T]hat the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is granted. Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this actions. It is
>
> FURTHER ORDERED that the plaintiff shall pay an initial partial filing fee of $9.00. Plaintiff shall have (30) days from the date of this order in which to have the designated fee sent to the clerk of the court or sow cause why he has not assets and no means by which to pay the designated initial partial filing fee. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. It is
>
> . . . .
>
> FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no

means by which to make the monthly payment.

Order at 2-3 [Docket No. 2]

The Court issued its first Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause on November 21, 2007 [Docket No. 19]. Plaintiff was in compliance with that Order for one month [Docket No. 25]. The Court issued its second Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause on April10, 2008 [Docket No. 63]. At that time, plaintiff was ordered to either make the required monthly payments for January, February and March 2008 or show cause why he cannot.

Plaintiff responded to the second Order to Show Cause by submitting an Inmate Banking History statement on April 24, 2008 [Docket No. 70] which reflected an end balance of one cent. While the Court appreciates plaintiff's prompt attempt to respond to the Order, the Court notes that the account statement submitted by plaintiff reflects deposits made in February of $11.28; March of $110.00; and April 1 - 21 of $50.92. At a minimum, Plaintiff is required to pay into the court registry $22.00 for the month of March (20% of $110.00) and $10.18 for the partial month of April (20% of $50.92) toward his filing fee. The Court further notes that plaintiff spent $65.21 at the canteen in the month of March and $42.49 at the canteen in the partial month of April. Plaintiff was advised in the second Order to Show Cause that "[m]aking purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment." Order at 3 [Docket No. 63].

28 U.S.C. § 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided that the prisoner's account exceeds $10.00. **This provision requires the prisoner to make**

**the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.** *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000). While there is a $10.00 threshold built into the statute – i.e., when the account balance exceeds $10.00, or when the monthly deposits exceed $10.00, the prisoner is required to make a payment toward his filing fee – this does not mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to reduce his account to a level below the $10.00 minimum. *See Losee v. Maschner*, 113 F. Supp. 2d 1343, 1352 (S.D. Iowa 1998). If such were the case, plaintiff would be free of any obligation to pay his fees.

Plaintiff is ordered to make the required monthly payments based on the income received in March and April 2007.[1] Therefore, on or before **May 15, 2008**, the plaintiff must pay into the court registry **$22.00** for the month of March and **$10.18** for the partial month of April toward his filing fee.[2]

This is plaintiff's third and final warning. It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court to do so through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Plaintiff is reminded that by the **15th day** of **each** month and without any further notice from or Order of the Court, he must either make the required monthly payment for the preceding month or file a certified copy of his inmate trust fund account statement for the preceding

---

[1] In its discretion, the Court has decided not to require plaintiff to remit payment for his February income credits.

[2] If plaintiff received further income in the month of April that is not reflected in the previously-filed Inmate Banking History statement, he is obligated to pay 20% of that additional income toward his filing fee as well.

month demonstrating that he has no assets and no means by which to make the monthly payment.³ **Plaintiff is again advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.** *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order, my two prior Orders to Show Cause, and the Order allowing plaintiff to proceed *in forma pauperis* dated August 17, 2007. Further, if plaintiff fails to comply with this Order, my Recommendation to dismiss Plaintiff's complaint and this civil action may be issued without further notice.

Dated: May 1, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

³ Because the Court is already aware that plaintiff received deposits totaling more than $10.00 in the month of April, on May 15, 2008, he cannot satisfy this Order by submitting an account statement with a depleted balance and contending that he is unable make the required payment for the previous month.